FIRST NATIONAL BANK OF LUVERNE *vs.* F. B. JAGGER and another.

July 19, 1889.

Contract—Construction—Course of Dealing.—The usual course of dealing between the parties under a contract, and their own practical construction thereof, will be considered in determining their rights and liabilities in transactions under it.

The verdict in this case *held* supported by the evidence.

Plaintiff brought this action in the district court for Rock county, to recover the amount ($282.90) of two drafts drawn by it upon defendants, which the latter had refused to pay. The complaint sets out the agreement mentioned in the opinion. At the trial, before *Perkins*, J., the plaintiff had a verdict for the full amount of its claim. A new trial was refused, and the defendants appealed.

*Daniel Rohrer*, for appellants.

*P. E. Brown*, for respondent.

VANDERBURGH, J. The material questions in dispute in this case were matters of fact, which were settled in plaintiff's favor by the verdict of the jury. In the year 1886 the defendants were dealing in flaxseed in this state, but resided in Burlington, Iowa. One Patterson was their agent for purchasing seed at Luverne, in this state, where the plaintiff bank is located. Chiefly for convenience in transacting the business at that place, and in making payments for seed purchased by Patterson in the vicinity, of producers or local dealers, the defendants, in August, 1886, entered into an agreement with the plaintiff, under which it was stipulated that plaintiff was to pay the checks of Patterson for flaxseed purchased, and charge the same to the defendants, for which funds were to be deposited by them, or to

be obtained by drafts drawn on them by the bank. This agreement, which is set out in the record, contemplated that the defendants should have funds on deposit with the plaintiff to meet the requirements of the business and to pay the checks of Patterson. It does not follow, however, that plaintiff should lose its right to indemnity for advances made in payment for seed purchased by defendants', agent in the course of his business, merely because it allowed their account to be overdrawn, as the evidence tends to show was done several times in the fall of 1886; the same being subsequently made good by defendants, who honored plaintiff's drafts for the required amounts. The "checks" drawn by Patterson and honored by the bank were in the form of certificates (called "flax checks") such as were ordinarily used by the agent, indicating on their face the amount of grain purchased, the name of the seller, and the price, and were signed by the agent. The payment of such certificates, which were well adapted to protect the rights of all parties, was warranted by the agreement, and had been continually ratified by the defendants. In December, 1886, the defendants drew out the balance on deposit with plaintiff; but the jury have found for it on the issue as to whether the business was then finally closed, or only temporarily suspended for the time, because not profitable; and the plaintiff had no notice (as we must assume) that the business was not to continue under Patterson's management. Early in January, 1887, the defendants had on hand a part of a car-load of flaxseed, which Patterson was about to ship to them, and he thereupon purchased an additional quantity, sufficient to make a full car-load, and upon his check the same was paid for by the plaintiff; and defendants admit they received the same in due course, and have used and had the benefit thereof, and have never paid for the same. No complaint is made of the price paid, and it does not appear to have been a matter out of which the plaintiff made any profit, or that it did not act in good faith. And upon the verdict of the jury we are warranted in assuming that plaintiff was fully authorized to pay the seed-check of Patterson for the amount in question, by the agreement and the well-understood course of dealing of the parties under it.

Order affirmed.