### LEVI J. HILL *vs.* DULUTH CITY.

Argued April 30, 1894.   Affirmed May 8, 1894.

No. 8415.

Contract construed.
    A certain contract construed.

Practical construction by the parties.
    The doctrine of practical construction by the parties applied.

Verdict sustained by the evidence.
    Evidence *held* to sustain the verdict.

Appeal by defendant, the City of Duluth, from an order of the District Court of St. Louis County, *Charles L. Lewis*, J., made June 10, 1893, denying its motion for a new trial.

Lakeside was a city, adjoining Duluth, until December 31, 1892, when it was included within the boundaries of, and its liabilities

assumed by, the latter city.  Sp. Laws 1891, ch. 57, p. 645.  On July 11, 1892, Lakeside made a contract with the plaintiff, Levi J. Hill, for the grading and otherwise improving of Grand avenue in that city.  He did the work and claimed therefor $18,767.18.  The city paid him all but $700 thereof and he brought this action against the City of Duluth, its successor, to. recover this balance and $150 for some extra work specified.  Defendant answered that by the contract he was to furnish sewer pipe for culverts and complete the work by October 20, 1893, and was to allow $25 damages for each day after that date until the work should be completed; that he did not in fact furnish the pipe or complete the work until November 28, 1893, and it claimed damages therefor exceeding in amount the plaintiff's demands.  Plaintiff replied that the city of Lakeside was to furnish the pipe, that it neglected to furnish it in proper time and that the work was delayed solely on that account. On the trial the jury found for the plaintiff and assessed his damages at $719.30.  Defendant moved for a new trial.  Being denied it appeals.  The discussion here was on the correct interpretation of the contract and specifications.  They were long and verbose covering sixteen pages of the printed return.

H. F. Greene and A. H. Crassweller, for appellant.

John C. Hollembaek, for respondent.

GILFILLAN, C. J.    Action on a contract of plaintiff with the city of Lakeside (since consolidated with the city of Duluth) "for the grading and otherwise improving" an avenue in said city.  The only controversy arises on a counterclaim of defendant for a failure to complete the work by the time specified in the contract.  The contract stipulates, as damages, $25 for each and every day the contractor shall be in default in completing the work.  The fact that it was not completed by the time specified is admitted, but plaintiff claims the failure was caused by the neglect to furnish certain culvert pipe which, as he construes the contract, it was the duty of the city to furnish.  In the contract is this clause:  "And the party of the second part (the contractor) hereby agrees to receive the following prices for furnishing all the materials not found in the work (except such materials as shall be furnished by the city of Lakeside, as stated in this contract), and for labor, and for use

of tools and other implements necessary for executing the work contemplated in this contract." In the same paragraph follows a table or list of items of the kinds of work to be done, with the prices to be paid for each.

It is evident from the above quotation that some of the material was to be furnished by the city; and there is nothing in the contract to point out what material it is to furnish, unless it is to be found in the table or list of items. In that table are fifteen items, each (excepting two) so worded as to indicate that the contractor is to furnish the material and do the work. Those two are stated thus: "Laying 15 culvert pipe, lin. ft. .12" "Laying 24 culvert pipe, lin. ft. .25" Taking the fact that the specification of each other item includes the material and work, while the specification as to those two items seems limited to doing the work, to wit, "laying" the pipe, it is very suggestive that the pipe is the material which the city is to furnish. To state it most favorably to the city, it makes a case of ambiguity such as to let in the doctrine of practical construction by the parties. It was so practically construed; the city furnishing the pipe, and its engineer, knowing that fact, furnishing an estimate certifying that the contractor had completed his contract, and allowing him, for laying the pipe, the prices set down in the list.

There can be no question of the engineer's authority to construe the contract. It requires of him many things which he could only do by construing it. The engineer's estimate was also approved by the council. The facts showing the practical construction were undisputed, so that the admission of oral evidence of a prior agreement consistent with that construction, if erroneous, could not prejudice.

The stipulation for damages for delay could not be applied to a delay caused by the city itself. To so apply it would enable the city to profit, at the rate of $25 per day, from its own wrong.

The same may be said of the clause in the contract requiring the contractor, if he desired an extension of time to complete his contract, by reason of "any hindrance or delay from any cause whatever," to give notice of the cause of detention to the engineer, to be reported to the council, it to "determine the amount of time that may compensate for the detention." The phrase "from any cause

whatever" must be held to refer to any other cause than the act of the city. Otherwise it might cause the contractor such delay that he could not complete his contract within, say, thirty days after the time specified, and then allow him but five or ten days on account of it. To make such a result possible would require stronger and more explicit terms than are in this contract.

From the evidence, the jury might find the cause of failure to complete the contract by the stipulated time was the delay of the city in furnishing the culvert pipe.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 992.)