GEORGE WALTERS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

June 9, 1899.

Nos. 11,631—(167).

**Railway—Contract for Farm Crossing—Construction.**

In determining the obligations and liabilities of the defendant herein under a contract for the construction and maintenance of a farm crossing, the practical construction of the contract by the parties held to be controlling.

**Negligence—Verdict not Sustained by Evidence.**

*Held,* that the evidence in this case does not justify a verdict to the effect that the defendant was guilty of negligence in maintaining the farm crossing in question.

Action in the district court for Wright county to recover $15,000 for personal injuries. The case was tried before Tarbox, J., and a jury, which rendered a verdict in favor of plaintiff for $3,300. The court made an order granting a motion for a new trial unless plaintiff would consent to a reduction of the verdict to $1,000. Plaintiff having consented to such reduction, judgment was entered in his favor for the reduced amount. From the judgment, defendant appealed. Reversed.

*Alfred H. Bright,* for appellant.

*F. E. Latham,* for respondent.

START, C. J.

The plaintiff on December 4, 1897, was injured while in the act of crossing the defendant's railway track at a farm crossing. The

planks between the rails at the crossing had been previously removed, and the plaintiff's bob sleds dropped between the rails and were caught fast, whereby he was thrown from a load of hay upon which he was standing and driving his team. This action was brought to recover damages for such injury. There was a verdict for the plaintiff for $3,300, and the defendant made an alternative motion for judgment notwithstanding the verdict, or for a new trial. The court denied the motion for judgment, but did conditionally grant a new trial, unless the plaintiff consented to reduce his verdict to $1,000. He did so, and judgment was entered accordingly, from which the defendant appealed.

The defendant here claims that the judgment should be reversed for three reasons: (1) That no negligence on the part of the defendant was shown; (2) that neither the plaintiff, nor the landowner in whose service he was at the time he was injured, had any right to use the crossing; (3) that the plaintiff was injured solely by reason of his own negligence. The second question was one for the jury. The third is doubtful, but we do not find it necessary to decide it, for we are of the opinion that the first must be resolved in favor of the defendant.

The evidence fails to show any actionable negligence on the part of the defendant. It is an admitted fact in the case that the defendant in the year 1886 acquired the right of way across a tract of 120 acres, which includes the place of the accident, and that the then owner thereof and the defendant agreed that two farm crossings should be built and maintained by the defendant on the tract. As to what kind of crossings were agreed upon at the time, and the character of their maintenance,—whether they were to be simply statutory farm crossings for stock (see G. S. 1894, § 2696), or crossings for the general use of the owners of the land in their farming operations, and whether they were to be maintained during the winter season,—the record is silent, except as indicated by the acts of the parties. The crossings were built, and at one of them the plaintiff was injured.

The complaint alleges the manner in which the crossing in question was constructed and maintained, substantially as follows: It was a private railway crossing over the defendant's railway tracks

from one portion of the farm to the other for the use and convenience of the owners and occupants of the farm. It consisted of dirt approaches to the track, with planks on the outside and between the rails thereof. The defendant continuously so maintained such crossing from the time of its original construction to November 29, 1897,

"Except that during said period, in winter seasons, said defendant customarily removed said planks from said crossing, which were situated between the rails thereof, replacing them in the spring-time."

These allegations of the complaint were undisputed on the trial, and the evidence conclusively sustains them, and further shows that, as a matter of safety in the operation of the railway, the planks between the rails were not kept in place during the winter season. There was no evidence of any objection on the part of the landowners to this being done. The specific charge of negligence on the part of the defendant alleged in the complaint is that prior to November 29, 1897, the defendant never removed the planks without first obtaining the consent of the owners of the farm so to do, and without first notifying them of its intention so to do, or without notifying them of such removal after removing the planks, and that without such consent, and without giving any notice to such owners of its intention so to do, the defendant on the day named removed the planks which were between the rails, and did not give notice of such removal.

There was no evidence given on the trial tending to show that it was the custom of the defendant to obtain the consent of the landowners before removing the planks, or of notifying them before or after the removal. There being no proof of a custom to secure the consent of the owners or to notify them, the specific negligence alleged was not proven. The evidence, however, was sufficient to sustain a finding that no notice was given of the removal of the planks here in question, or of an intention to do so. It follows that, if there is any evidence in this case tending to show any negligence by the defendant, it must be its act of removing the planks between the rails at this private crossing on November 29, 1897,—

the commencement of winter,—without notifying the owners of the farm that it had done, or intended to do, so. Was such act negligence on its part? The answer to this question depends upon the terms of the contract between the defendant and the landowner as to the maintenance of this crossing. Was it to be kept in a safe condition for crossing the track throughout the year? Were the planks between the rails to be kept there continuously, or did the defendant, as it claims, have the right, without consent or notice, to remove them during the winter season, so as to prevent the packing of ice and snow between the edge of the planks and the rails?

It is to be noted that the crossing in question is not a public one, as to which the law prescribes the duty of the railway company (Lillstrom v. Northern Pac. R. Co., 53 Minn. 464, 55 N. W. 624), but a private crossing, created and maintained pursuant to the contract of the parties. While the record is silent as to the matters we have suggested, still the manner of the execution of the contract as to the building and maintenance of the crossing was acquiesced in by both parties for 11 years after it was entered into. This necessarily involves a practical construction of the contract by the parties to it, which the court ought to adopt and enforce,— especially so in view of the fact that the contract, as defined by the acts of the parties, is entirely consistent with its expressed terms. First Nat. Bank v. Jagger, 41 Minn. 308, 43 N. W. 70; O'Dea v. City of Winona, 41 Minn. 424, 43 N. W. 97; McDonough v. Hennepin Co. C. B. & L. Assn., 62 Minn. 122, 64 N. W. 106.

The plaintiff, however, claims that the custom of the defendant to remove the planks for the winter season without notice, of which neither the plaintiff nor his employer (who had occupied a part of the tract for some eight months prior to the accident) had any knowledge, was a negligent one, and that it cannot have any effect on the contract requiring the defendant to maintain the crossing. If the express terms of the contract had been that the farm crossing should be maintained continuously, with planks between the tracks, including the winter season, when the ordinary field operations are suspended, the claim would not be without virility. But such is not this case, where the admitted and acquiesced conduct of the parties in the execution of the contract is the proof of its

terms as to the maintenance of the crossing. Only one conclusion can be reasonably drawn from the record in this case, which is that by the terms of the contract the defendant was not bound to maintain the crossing during the winter season, and had the right to remove the planks as it did without giving notice thereof to the landowners, or obtaining their consent thereto. It follows that, the defendant having maintained the crossing in accordance with its contract obligations, it was not guilty of negligence in so doing.

Judgment reversed and case remanded, with direction to the district court to grant the defendant's motion for judgment notwithstanding the verdict.