CITY OF ST. CLOUD v. WATER, LIGHT & POWER COMPANY
and Others.[1]

January 16, 1903.

Nos. 13,344—(204).

## Water Franchise.

A city ordinance granted to certain persons, their successors and assigns, the privilege of constructing a system of waterworks for the purpose of furnishing water to the city and its inhabitants for domestic and fire purposes, at certain stipulated rates, for the period of thirty years, in consideration of which the grantees, their successors and assigns, agreed that the water so furnished should be pure and equal in amount to three million gallons per day. *Held*, such ordinance constitutes a contract between the city and the grantees, and the obligations therein contained are mutual, and an equitable action will lie on the part of the city to annul the franchise and cancel the contract upon the ground that the grantees and their successors have persistently failed and refused to furnish pure water in accordance with the terms of the contract.

## Forfeiture—Cause of Action.

The right of the city is not limited to the express terms of forfeiture provided in the ordinance, and the right to annul the franchise thus granted is not limited to the state in an action in the nature of quo warranto. *Held*, the complaint states facts sufficient to constitute a cause of action, and the city was not estopped from maintaining such action by the fact that the same kind of water had been furnished for a number of years. *Held*, also, that the duty to furnish pure water was a continuing one on the part of the grantees and their successors, and it was not necessary, as a prerequisite to the maintaining of such action, that the city should obtain the decision of the state board of health as to the standard of water to be furnished.

Action in the district court for Stearns county to annul the franchise and privileges of defendant Water, Light & Power Company. From an order, Searle, J., overruling their demurrer to the complaint, defendants Industrial Trust Company and R. L. Gale, receiver of defendant water company, appealed. Affirmed.

[1] Reported in 92 N. W. 1112.

*C. M. Van Slyck* and *Geo. H. Reynolds,* for appellant.

*James R. Bennett, Jr.,* and *David T. Calhoun,* for respondent.

LEWIS, J.

In 1887 the city council of St. Cloud passed an ordinance providing for the sale to certain persons of the waterworks, then owned by the city, and also granting the right to maintain and operate the system in the city and supplying its inhabitants with three million gallons per day of pure water, suitable for domestic, manufacturing, and fire purposes; the franchise to run for the period of thirty years; in consideration for which the grantees agreed that the water should be obtained from the Mississippi or Sauk rivers, or from springs, and be filtered and purified, prior to being pumped into the city mains, in such manner as the state board of health should approve of. The ordinance also contained a provision that if, after the completion of the works, there should be a suspension exceeding thirty days of the water supply for either domestic or fire purposes, the grantees, their heirs and assigns, should forfeit all privileges thereby granted; unless such suspension should be caused by circumstances beyond their control. The ordinance was duly accepted by the grantees, and in 1888 the franchise and system was sold and assigned to the St. Cloud Waterworks Company, a corporation, and immediately thereafter the city deeded to that company the necessary real estate and the plant, consisting of the works, machinery, mains, hydrants, and material, then owned by it. The system was extended, and several miles of mains were laid, and water supplied to the inhabitants, when, in 1893, that company sold and assigned all its right, title, and interest in and to the water system to the defendant the Water, Light & Power Company.

This action was commenced for the purpose of cancelling and annulling the franchise and privileges granted by the ordinance, and to set aside and annul the contract thereby entered into upon the ground that the grantees and their successors had failed to carry out their contract to furnish pure water in the stipulated quantities. The complaint alleged that the Water, Light & Power Company knew that it was furnishing unfiltered and impure wa-

ter, of which fact it was repeatedly notified by the city, and refused to improve its service in that respect. It was also alleged that prior to the commencement of this action the city council passed a resolution declaring that the grantees, their successors and assigns, had failed to fulfil the conditions of the contract, and therefore had forfeited all their rights and privileges, and directing the city attorney to institute legal proceedings in the name of the city to cancel and render void the ordinance and the contracts entered into thereby.

To this complaint the defendants demurred upon the ground that it did not state sufficient facts to constitute a cause of action, and from an order overruling the demurrer an appeal was taken, and the following propositions are presented for consideration: First. That, if the ordinance constitutes a contract between the municipality and the grantees, then the city is limited in its action for relief to the terms expressly named in reference to forfeiture, and it was incumbent upon it to obtain specifications from the state board of health as to the standard of water required before a forfeiture would be granted. Second. That the ordinance does not constitute a contract, but that by its provisions the city was exercising a public and governmental function, and a forfeiture for an abuse of its corporate powers could only be taken advantage of by the state in a direct proceeding in the nature of quo warranto. Third. That it appears conclusively from the complaint that the city had been supplied with the same kind of water for fifteen years, and that defendants had permitted the city to enlarge its system and spend large sums of money in extending its mains and making improvements, without objection to the kind of water furnished; and that the right of forfeiture under such circumstances cannot be enforced.

The obligations of the parties, as set out in the ordinance, constitute a contract. The city was enabled to enter into such obligation by virtue of its charter powers and the general laws of the state, and was endowed with the right to construct, or cause to be constructed, a water system for the benefit of its inhabitants, and had control of its streets, and could contract with reference to their use for the purpose of extending the system. In the

exercise of such power the city entered into a contract, and granted the privilege of operating and maintaining a system of waterworks within its streets for the period of thirty years, and the right to furnish water to its inhabitants at certain specified rates. In consideration of this privilege the grantees agreed to extend the system purchased by the city, to furnish water without charge for certain specified purposes, and, in connection with other things, to furnish daily three million gallons of pure water for domestic purposes.

The obligations thus entered into were mutual. Upon the one hand, the grantees, their successors and assigns, would be protected by the courts in the enjoyment of their rights,—for instance, in the collection of the hydrant rentals; on the other hand, the courts of the state are open to the city to secure the enforcement of its rights. No serious question can arise as to the nature of the contract obligation, nor as to the jurisdiction of the court to administer relief. That the city is entitled to some relief for the long and persistent failure and refusal of the grantees and their successors to furnish water in accordance with their agreement is not seriously doubted, but it is claimed that the city has not, by its complaint, set forth a condition which entitled it to the relief prayed for, viz., a rescission of the contract and forfeiture of the right to occupy the streets for the purposes therein expressed. The right of the city to maintain this action does not necessarily rest upon the express terms of the forfeiture set out in the ordinance, although the allegations of the complaint would justify a relief based thereon. The legal right rests inherently on the nature of the contract obligations, and in this respect the city occupies no different position than would an individual in seeking the assistance of the courts to be relieved from the obligations and burdens of a contract which, by the conduct of the other party, had become intolerable. It was the primary duty of the grantees and their successors to furnish pure water, and, if there should be any dispute at any time as to the quality of water, the state board of health was named as arbiter. The city was not required to obtain specifications from such board, and make demand for water of the standard adopted by it.

Nor is this an action brought to annul the charter of the defendant company under the provisions of G. S. 1894, § 5961. The misconduct set forth is not one of those expressly provided by the statute as the cause for a forfeiture of the charter at the election of the state. While, in a sense, the privilege of the grantees to occupy the streets is in the nature of a franchise, such franchise or privilege does not have its legal basis in the fact that the state has authorized the defendant company to do business as a corporation, but was created by the city within its charter powers by the contract in reference to the use of its streets. The case of State Trust Co. of New York v. City of Duluth, 70 Minn. 257, 73 N. W. 249, referred to by appellant, was an action brought by the trust company to recover from the city unpaid water rentals, and was based upon the fact that the obligations of the parties were in the nature of a contract, as defined by the ordinance; and the language of the court referred to by appellant was not employed for the purpose of intimating that the relation between the parties was not that of contract, but simply to show that the terms of the contract were not explicit enough to warrant a finding that the penalty should be applied, as contended for by the city in that case.

The mere fact that for the period of fifteen years the city has been served unwholesome water does not estop it from demanding and requiring that the defendant company shall comply with its contract to furnish pure water, especially as it appears from the complaint that protests were made and notice served upon the company that they should comply with their duty in that respect. While it is true that a forfeiture will not be enforced, or the contract cancelled and annulled, where the failure to comply with its terms has been accidental or spasmodic, and reasonable cause can be shown for excusing the same, it appears from the complaint that persistently, and for a long number of years, in opposition to the will of the people, there has been a continued purpose not to comply with the agreement, and the city was at liberty to accept defendants' attitude as a deliberate intention on their part not to comply with the contract.

However, if it should appear upon the trial that defendants may be able to comply with the contract and furnish water in accordance therewith, if given reasonable time, the decree of the court should provide that the contract would be annulled and the franchise cancelled only at a time certain, within which defendant should be given the privilege of complying with the contract. All of which matters will properly come before the trial court upon the final disposition of the case.

Leading cases recognizing the remedy here applied: Farmers Loan & Trust Co. v. Galesburg, 133 U. S. 156, 10 Sup. Ct. 316; Palestine v. City, 91 Tex. 540, 44 S. W. 814.

Order affirmed.