# CITY OF SOUTH ST. PAUL v. NORTHERN STATES POWER COMPANY.[1]

April 28, 1933.

No. 29,358.

[1]Reported in 248 N. W. 288.

*Warren Miller,* City Attorney, for appellant.

*A. William Groth, Cyrus Erickson,* and *D. L. Grannis,* for respondent.

HOLT, *Justice.*

Plaintiff appeals from the order denying a new trial.

In 1912 the city of South St. Paul granted to Kenneth Clark and George H. Prince, and their assigns, a 25-year franchise to construct and operate a system to supply the city and its inhabitants with gas. Later this franchise was assigned to the South St. Paul Gas & Electric Company, and the latter in 1926 assigned it to Northern States Power Company, respondent. The assignments were with the consent of the city. This action was brought by the city to recover the license fee provided by the ordinance granting the franchise. The ordinance is known as No. 102, and § 6 therein, relating to the license fee, as far as here pertinent, reads:

"The grantees or their assigns shall pay an annual license fee to the City upon their gross earnings received or earned through the exercise of the franchises and privileges herein granted, at the following rates, to-wit:  *  *  *  Provided, however, that if at any time such franchises and privileges are assessed and taxed as property under the general laws of this state, now in force or hereafter enacted, then in that case the grantees and their assigns shall not be required to pay the license fees therein provided for, upon the gross earnings aforesaid, in any amount so long as the said franchises or privileges are otherwise so taxed. Said gross earnings license fees shall not be taken or considered in lieu of any tax or taxes to which the property of the grantees or their assigns, other than such franchises or privileges, would otherwise be subject or liable. The grantees or their assigns shall, during the first week in January in each and every year, make and file with the City Recorder of the City an accurate and sworn statement of such gross earnings for the calendar year immediately preceding, and

failure to file such report shall be sufficient ground to forfeit said franchises, and the amount of such license fees shall be paid by the grantees or their assigns, to the City Treasurer on or before the first Monday in March of each year, and failure of the grantees or their assigns to pay such license fees within the time and in the manner prescribed herein shall forfeit the franchises or privileges herein granted."

The rate was graduated from one per cent to five per cent. The recovery sought was for the years 1913 to 1931, inclusive, and amounted to $30,201.21 exclusive of interest.

The defenses pleaded were the statute of limitations as to license fees accruing more than six years prior to suit; that from the time the franchise was granted in 1912 up to the beginning of this action no claim or demand for the payment of any license fee had been made by the city and hence that during that time the parties by their acts and conduct construed the said ordinance as not requiring or imposing upon defendant or its predecessors in interest the duty or obligation to pay license fees thereunder, which interpretation and construction continued during the time defendant held the franchise until suit was brought; and that under such interpretation and construction defendant has made large expenditures in extending its service and in reducing its rates, not only for gas but also for steam and electric service, for which defendant holds franchises under ordinances of like import with ordinance No. 102, as far as relates to the payment of annual license fees.

The court made findings that the claims for the years 1913 to 1925, inclusive, accrued more than six years before suit and were barred; that plaintiff and its officers, with knowledge of all the facts, failed to make any claim for license fees against defendant or its predecessors; that it was understood by the holders of the franchise that no annual license fee need be paid by reason of the fact that the franchise was subject to assessment and taxation under the statutes of the state; that the city and respective franchise holders construed the franchise to mean that there was no obligation to pay a license fee under the ordinance, since the franchise

was under the laws of the state taxable; and that in reliance on such construction defendant had, in dealings with the city in respect to extension and rates, made concessions and placed itself in position it would not have done had it anticipated the claims now made, and that it will now be impossible to place the defendant in statu quo. The conclusion of law was that plaintiff take nothing. Although the South St. Paul Gas & Electric Company was named as defendant, it appears that it was dissolved before the suit was brought, and hence respondent is the sole defendant.

There are 58 assignments of error, and it would be impracticable to attempt to discuss each in an opinion. Many of the assignments of error go to the refusal of the court to amend the findings and conclusions of law. Counsel for plaintiff has well grouped the assignments of error under a few headings which we consider determinative of the merits of the appeal. It is conceded that the court correctly applied the statute of limitations.

The point is made by plaintiff that by § 7 of c. VII of the charter every holder of a franchise accepts all the charter provisions applicable to franchises. It seems to us that there is no significance to this, since §§ 3, 4, and 5 of c. VII of the charter—the only ones that can be said to be applicable—are in the very language of the provisions of the part of the franchise held by defendant and above quoted. If the proviso in the ordinance is ambiguous and hence open to construction, so must be the meaning of the charter provisions in almost identical language. The ordinance granting the franchise which defendant now holds is a contract, and the license fee claimed by the city must be claimed under the terms of that contract. City of St. Cloud v. Water L. & P. Co. 88 Minn. 329, 92 N. W. 1112. The rights of the parties under a contract may be more readily affected by the interpretation they place thereon in its performance than the rights of a taxpayer may be by the conduct of the authorities charged with the enforcement of taxation statutes. In the latter case the state or municipality ordinarily cannot be deprived of the tax by the conduct of the officials whose duty it is to lay and enforce it. Under the present law, 1 Mason

Minn. St. 1927, § 2206, the bar of the statute of limitations is lifted from all taxes. State v. Brooks, 183 Minn. 251, 236 N. W. 316.

It is conceded that no license fee has been paid, nor has it been under the franchise from the time it was granted in 1912 until the present suit was brought. This fact does not prevent a recovery if defendant under the plain language of the contract (ordinance No. 102) agreed to pay the same. It is only when there is doubt as to the meaning of the terms used that courts resort to the rule of practical construction. St. P. & D. Ry. Co. v. Blackmar, 44 Minn. 514, 47 N. W. 172. Had there been no proviso in § 6 of the ordinance this would be true. Plaintiff contends the proviso is clear and unambiguous that the license fee is to be paid unless a state tax on the franchise is imposed and paid. Defendant would construe the language as meaning that no license fee is payable if the franchise is subject to be taxed under the state law; and, in any event, that ambiguity appears in the language of the proviso so that resort may be had to the practical construction which both parties to the franchise have placed thereon for almost 20 years. In our opinion the meaning of the proviso is doubtful. By 1 Mason Minn. St. 1927, §§ 1974, 1999, 2004, and 2021, it is clear that franchises are subject to taxation. Said § 2004 reads:

"The capital stock and franchises of corporations and persons, except as otherwise provided, shall be listed and taxed in the county, town, or district where the principal office or place of business of such corporation or person is located in this state; if there be no such office or place of business, then at the place in this state where such corporation or person transacts business."

These statutes existed in the same form when and ever since plaintiff adopted its present charter. And during all the time since defendant held this franchise the state has had the right to impose taxes thereon, for, as above stated, no statute of limitation bars the same. The law being so clear that the franchise was properly taxable by the state which the owner was required to list for assessment when this franchise was granted, no sensible object or purpose is to be found in the proviso. State v. Duluth G. & W. Co. 76

Minn. 96, 78 N. W. 1032, 57 L. R. A. 63, relating to the taxation of franchises held by corporations, had been decided long before defendant's predecessor was permitted to become the owner of this franchise. There seems to be no apparent reason for making the payment of such a substantial license fee, under the franchise, dependent upon so uncertain an event as the taxing by the state of a franchise, which if held by a person might have no taxable value and if held by a corporation might have no bearing upon whether there would be any tax payable because thereof when assessed as directed by 1 Mason Minn. St. 1927, § 2021.

Where ambiguity exists in the terms of a contract it is well settled that the construction the parties in their dealings and by their conduct have placed upon those terms furnish the court with very persuasive evidence of the true meaning of the same. In other words, courts accept the practical construction the parties to an ambiguous contract have given it. We refrain from a discussion of this principle of law, for it is adequately presented in the following decisions of the many cited in 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1820. Hill v. Duluth City, 57 Minn. 231, 58 N. W. 992; McDonough v. Hennepin County C. B. & L. Assn. 62 Minn. 122, 64 N. W. 106; Walters v. M. St. P. & S. S. M. Ry. Co. 76 Minn. 506, 79 N. W. 516; Murray v. Nickerson, 90 Minn. 197, 95 N. W. 898; Hamel v. M. St. P. & S. S. M. Ry. Co. 97 Minn. 334, 107 N. W. 139; Leuthold, Jr. v. John A. Stees Co. 141 Minn. 213, 169 N. W. 709, 711; Hayday v. Hammermill Paper Co. 184 Minn. 8, 237 N. W. 600. In the Leuthold case [141 Minn. 217] the terse statement, "the practical construction of the parties for all these years is altogether against the present assertion," is applicable in the instant case. But this court has also held the doctrine of practical construction applicable in an attempted enforcement of personal property taxes against a railroad company. State v. N. P. Ry. Co. 95 Minn. 43, 103 N. W. 731. Under the charter of plaintiff (c. III, § 8) the city recorder is required to collect all moneys due the city. Under ordinance No. 102 granting this franchise, the holders thereof were required to file with the city recorder annually sworn statements of the amount of the gross earnings. Defendant and its predecessors did file such

statements. For 19 years the recorder, the city attorney, and other city officials considered no license fee due from the holders of the franchise. This is evidence of practical construction. O'Connor v. Gertgens, 85 Minn. 481, 89 N. W. 866; State v. Twin City Tel. Co. 104 Minn. 270, 116 N. W. 835; In re Estate of Boutin, 149 Minn. 148, 182 N. W. 990. From other jurisdictions on the same subject we cite: New Haven Water Co. v. City of New Haven, 106 Conn. 562, 139 A. 99; City of Vincennes v. Citizens G. L. Co. 132 Ind. 114, 31 N. E. 573, 16 L. R. A. 485; City of Baxter Springs v. Baxter Springs L. & P. Co. 64 Kan. 591, 68 P. 63; City of Covington v. South Covington & C. St. Ry. Co. 147 Ky. 326, 144 S. W. 17; City of St. Louis v. Laclede G. L. Co. 155 Mo. 1, 55 S. W. 1003; City of New York v. New York City Ry. Co. 193 N. Y. 543, 86 N. E. 565; Thomas v. C. N. O. & T. P. Ry. Co. (C. C.) 81 F. 911; State Tr. Co. v. City of Duluth (C. C.) 104 F. 632; City of Chicago v. Sheldon, 76 U. S. 50, 19 L. ed. 594; Lowrey v. Territory of Hawaii, 206 U. S. 206, 27 S. Ct. 622, 51 L. ed. 1026. Plaintiff cites the City of Duluth v. Duluth St. Ry. Co. 137 Minn. 286, 163 N. W. 659, 10 A. L. R. 904, but the trial court held the rule of practical construction did not control, and this court agreed under the situation there involved. The state was there a party, and there was no evidence of practical construction by any one authorized to act for the state. It is also to be noted that § 6 of the franchise provides a remedy for the failure to pay the license fee, namely, forfeiture of the franchise. There is no suggestion in the record of any attempted threat to forfeit the franchise.

Connected with and as a result of this practical construction the court found that defendant made extensions of its systems beyond that demanded by the ordinance and reduced rates, which it would not have done had it believed that plaintiff would have made any claims for license fees, and that it cannot now be placed in statu quo. The evidence justifies the findings in this respect. There is one finding which plaintiff particularly assails (No. 14). That finding, as well as the one following (No. 15), is perhaps more in the nature of a conclusion based upon the fact that for almost 20 years the parties so conducted themselves as to prove that it was

the understanding when the franchise was granted that no license fee on gross earnings need be paid by reason of the fact that the franchise was subject to assessment and taxation under the state statutes, and the holders of the franchise during such time operated under the advice of counsel that they were not under any obligation to pay the annual license fee. And because of such conduct on both sides the court concluded that they construed the franchise ordinance to mean that there was no obligation to pay such fee. We think the trial court was authorized to arrive at these ultimate conclusions or findings.

Other errors assigned go to the ruling admitting evidence of conduct of the parties in respect to this license fee earlier than six years prior to the commencement of this action, and also with respect to the license fee under another franchise held by defendant, under which it supplies electricity and is to pay a gross earnings tax pursuant to the provisions of c. VII of the charter, containing the same proviso here in question. As to the first, the argument is that evidence of practical construction is not properly admissible for a period for which the statute of limitation barred recovery; and as to the second, it is said the evidence relates to irrelevant matter. We think the court did not err. Regardless of the time for which recovery could be had, evidence of practical construction of the contract upon which the suit is based becomes more persuasive the further back in time it goes. This is necessarily so, for city officials are elected for short terms; and when during the administration of successive officials the same construction is placed on a city contract or franchise, it becomes more convincing. Carthage T. P. Mills v. Village of Carthage, 200 N. Y. 1, 93 N. E. 60. It also seems to us proper that evidence of a practical construction by the same parties of another franchise whereby a license fee was payable under a proviso in the same language is relevant and material. Butte Water Co. v. City of Butte, 48 Mont. 386, 138 P. 195; City of Chicago v. Sheldon, 76 U. S. 50, 19 L. ed. 594.

There was no real dispute as to the facts, and we are of the opinion that the learned trial court reached a right conclusion.

The order is affirmed.

*OLSEN, Justice,* took no part.