Kermit H. SEVERSON, d/b/a Cardel
Company, Appellant,

v.

Marcus FLECK, Appellee.

No. 15829.

United States Court of Appeals
Eighth Circuit.

Feb. 6, 1958.

Israel Treiman, St. Louis, Mo. (George E. Duis, Fargo, N. D., and Eugene L. Heck, Minneapolis, Minn., were on the brief), for appellant.

C. F. Kelsch, Bismarck, N. D., for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

This is an action on a contract between a citizen of North Dakota and a citizen of Minnesota in which plaintiff-appellant claims that an additional $10,-000.00 broker's commission is due him for his services in obtaining a buyer for defendant-appellee's motel, located near Bismarck, North Dakota. The action was commenced in a Minnesota state court, removed to Federal District Court in Minnesota, and thereafter transferred to the United States District Court for the District of North Dakota. The pertinent provisions of the contract between the parties are quoted below in the manner set out by the trial court in its opinion, Severson v. Fleck, D.C.N.D.1957, 148 F.Supp. 760, 763:

"Clause I: 'The price I agree to accept shall be $170,000. net to me.'

"Clause II: 'Any amount you receive above this sum you are to retain as your commission.'

"Clause III: 'I understand that in no event shall your commission be less than ten per cent of total sales price. Such commission shall be based upon the considerations, whether in money or property, or both, bargained for by me.'

"Clause IV: Under the description of the property listed on the back of the contract appears the following:

"'Price, including commissions $185,000.00.'"

Appellant's complaint alleges:

"1.

"That he is in the business of selling business properties on a commission basis; that he operates under the name and style of Cardel Company; that before January, 1956, the defendant had listed a motel in Bismarck, North Dakota, with the plaintiff for the purpose of selling the same; that in or about January 8, 1956, the plaintiff found a purchaser, ready, able and willing to purchase said motel for the sum of $175,000.00. That pursuant to written contract the plaintiff was entitled to ten per cent of the purchase price as his commission but that plaintiff agreed it would not exceed $15,-000.00. That the sale was made as aforementioned to a purchaser found by plaintiff.

"2.

"That the plaintiff at the time the sale was consummated was paid the sum of $5,000.00 earnest money by the purchaser. That under the terms of the contract between plaintiff and the defendant the plaintiff was entitled to apply said earnest money to his commission after the sale was made and the plaintiff has applied the same, leaving a balance owing to plaintiff in the sum of Ten Thousand and no/100 Dollars. That plaintiff has demanded the same but defendant has refused and neglected to pay the same.

"Wherefore, plaintiff prays judgment for the sum of $10,000.00 together with interest at 6% per annum from January 8, 1956, together with costs and disbursements."

Appellee's answer admitted all of the allegations of the complaint, except the allegations that appellant was entitled to 10% of the purchase price; that appellant had agreed that the commission would not exceed $15,000.00; and that a balance of $10,000.00 was owing to appellant.

Appellee affirmatively alleged that he had agreed to accept and did accept the sum of $170,000.00 net to him; and that the additional $5,000.00 consideration received for the sale of the motel and paid to appellant was the full commission due appellant.

Appellee moved for summary judgment on the grounds that there was no genuine issue of material fact before the court; that the only issues presented by the pleadings and undisputed facts were issues of law for determination by the court; and that appellee was entitled to summary judgment as a matter of law. Rule 56(c), F.R.C.P., 28 U.S.C.A. After consideration of the pleadings, pretrial proceedings, motions and affidavits thereto, the trial court found that "Clause I" and "Clause III" of the quoted provisions of the contract were inconsistent and repugnant to each other. The trial court then applied general and North Dakota statutory rules of construction and found as a matter of law that the ambiguity and inconsistency therein were the responsibility of the appellant and would be resolved against him. Appellee's motion for summary judgment was then granted on the grounds that as a matter of law appellant had received his full commission ($5,000.00, the amount by which the sale price exceeded the $170,000.00 net to the appellee) and that there was no issue to submit to a jury. Severson v. Fleck, D.C.N.D.1957, 148 F.Supp. 760, supra.

Appellant's position is that the trial court erred in granting summary judgment because there were remaining genuine issues of fact as to the intention of the parties in executing this ambiguous contract and that such issues could be resolved by parol evidence. Appellant also contends that the North Dakota statutory rules of construction compel the conclusion that the contract requires a commission of 10% of the sale price.

Rule 56(c), F.R.C.P., 28 U.S.C.A., provides in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The proper application of that rule has been stated by this court in Northwestern Auto Parts Co. v. Chicago, B. & Q. R. Co., 8 Cir., 1957, 240 F.2d 743, 746:

" * * * under Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A., a summary judgment upon motion therefor by a defendant should never be entered except where the defendant is entitled to its allowance beyond all doubt; only where the conceded facts show defendant's right with such clarity as to leave no room for controversy; with all reasonable doubts touching the existence of a genuine issue as to a material fact resolved against the movant; giving the benefit of all reasonable inferences that may reasonably be drawn from the evidence to the party moved against. 'That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them.' Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801; Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213; Union Transfer Co. v. Riss & Co., 8 Cir., 218 F.2d 553; Caylor v. Virden, 8 Cir., 217 F.2d 739."

The trial court determined as a matter of law, and we think quite prop-

erly, that the contract here was ambiguous. United States v. Northern Pacific Ry. Co., 8 Cir., 1951, 188 F.2d 277, 280:

"The question as to whether an ambiguity exists in a contract is to be determined by the court as a matter of law. 17 C.J.S. Contracts § 617; Whiting Stoker Company v. Chicago Stoker Company, 7 Cir., 171 F.2d 248; Golden Gate Bridge & Highway District of California v. United States, 9 Cir., 125 F.2d 872."

■■■ Having determined that an ambiguity existed, the court was then presented with an issue of fact: What was the intent of the parties in executing the ambiguous contract? However, the mere existence of an issue of fact is not sufficient to preclude summary judgment unless such issue is a controlling one. This court said in Durasteel Co. v. Great Lakes Steel Corp., 8 Cir., 1953, 205 F.2d 438, 441:

"An issue of fact is not genuine unless it has legal probative force as to a controlling issue, 35 C.J.S. Federal Courts § 144, p. 1205. The motion for summary judgment is not a trial of the issues but for the purpose of determining whether in fact there are any genuine issues as to material facts. If it is made clearly to appear on such a motion that even though there is an issue under the pleadings there is in fact no dispute as to the controlling material facts, then the court should enter summary judgment."

Here the intent of the parties was essential to a determination of their rights under the ambiguous contract which they had executed. Intent was of the very essence of materiality. It was controlling. This court said, in United States v. Northern Pacific Ry. Co., 8 Cir., 1951, 188 F.2d 277, 280, supra:

"When it is once established that the contract is ambiguous then the meaning of its terms is a matter of fact to be determined in the same manner as other questions of fact. Floyd v. Ring Construction Corpora-

tion, 8 Cir., 165 F.2d 125, 129, [certiorari denied 1948, 334 U.S. 838, 68 S.Ct. 1496, 92 L.Ed. 1763] and cases there cited."

In the Floyd v. Ring Construction Corporation case, supra, this court, speaking through Judge Thomas, stated at page 129 of 165 F.2d:

"The law is 'that the terms of a contract, if it be ambiguous, are matters of fact to be determined in the same manner as other facts; by the jury, if it be a jury case, or by the court, if the jury be waived; while the construction of the contract and its legal effect are questions of law for the court.' Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. R. Co., 8 Cir., 99 F.2d 902, 916; National Surety Corporation of New York v. Ellison, 8 Cir., 88 F.2d 399, 402; State v. Fellows, 98 Minn. 179, 187, 107 N.W. 542, 108 N.W. 825; Bell Lumber Co. v. Seaman, 136 Minn. 106, 161 N.W. 383, 384; Lucas v. Ganley Bros., 166 Minn. 7, 206 N.W. 934, 936.

"It is the law, also, as the court observed in this case (66 F.Supp. 436, at page 438), that where ambiguity exists in a contract the construction the parties in their dealings and by their conduct have placed upon the terms will furnish the court with persuasive evidence of their meaning. 17 C.J.S. Contracts § 325; City of South St. Paul v. Northern States Power Co., 189 Minn. 26, 248 N.W. 288, 291."

■■■ This being a North Dakota contract, we are controlled by the substantive law of that state. The general view is that the parol evidence rule is not one of evidence but one of substantive law. Producers Livestock Loan Co. v. Idaho Livestock Auction, Inc., 9 Cir., 1956, 230 F.2d 892, 894. Without the guidance of any North Dakota decisions on the point, we will regard the rule as substantive and apply the North Dakota rule of admissibility of parol evidence in contract cases. See Producers Livestock

Loan Co. v. Idaho Livestock Auction, Inc., supra.

In Battagler v. Dickson, 1949, 76 N.D. 641, 38 N.W.2d 720, exclusion of parol evidence offered to prove the circumstances of the making of a lease contract and the construction placed thereon by the parties was held by the North Dakota Supreme Court to be reversible error. That court, at page 722 of 38 N.W.2d, stated:

> "The object of construing a contract is to ascertain the intention of the parties as it existed at the time of contracting. Wisner v. Field, 15 N.D. 43, 106 N.W. 38; Baird v. Fuerst, 60 N.D. 592, 235 N.W. 594. Section 9-0703, NDRC 1943. Where the contract is written the intention of the parties must, if possible, be ascertained from the writing alone. Sec. 9-0704, NDRC 1943. However, if a clause in a contract is of doubtful or ambiguous meaning it is proper ' * * * to search for its true meaning in the light of the extraneous facts and circumstances.' "

There can be no doubt that under North Dakota law parol evidence is admissible to reconcile, explain and thereby show the true intent of the parties in executing the inconsistent provisions of a contract judicially found to be ambiguous. Such evidence thereby becomes part of the basis for determining the parties' true intent at the time of contracting; and, therefore, has legal probative force as to that controlling issue of intent. Battagler v. Dickson, supra.

We hold here that the intent of the parties in executing this ambiguous contract was a genuine issue of material fact and could not properly be determined on appellee's motion for summary judgment. The plaintiff is entitled to his day in court and to establish, if he can, by the submission of evidence that the parties gave to the ambiguous contract a practical construction different from that upon which summary judgment was granted.

Reversed and remanded for trial.