# A. M. ARPIN v. CITY OF THIEF RIVER FALLS and Others.[1]

May 29, 1913.

Nos. 18,099—(170).

**Contract invalid — injunction.**

On an appeal from an order sustaining the demurrer to the complaint in an action brought by the plaintiff to enjoin the defendant city of Thief River Falls and the defendant Tri-State Telephone Company from entering into a contract relative to the construction of a telephone plant and the furnishing telephone service for the city, it is *held:*

(1) That a contract which provided, among other things, that the company should construct a telephone plant in the city, should operate it until the city purchased; that the city might purchase at $30,000 on 30 days' notice, but need not purchase at all; that during its operation the company should occupy certain city property at a stated rental; that the charges by the company for service should not exceed certain fixed rates; that the contract should not be deemed to grant a franchise, right or privilege to occupy the streets, alleys and public places of the city, or to operate a local telephone exchange, except the right to operate the exchange as provided in the contract until the city should purchase; that the city might grant a franchise to another company, or itself maintain an exchange; that under certain conditions the city might offer for sale a franchise to operate the plant, amounted to a franchise; and such contract, whether viewed as a franchise or as a contract to construct a telephone system under chapter 452, p. 689, Laws 1907, was invalid because no advertisement for proposals was made and no provision was made for competitive bidding as required by chapter 8, p. 16, Laws 1895, which constitutes the city's charter.

(2) That the plaintiff, a resident freeholder and taxpayer of the city and the owner in fee of a lot abutting upon one of the streets, sustained sufficient special injury to authorize him to maintain an action for an injunction against the execution of the contract.

Action in the district court for Pennington county to restrain defendant city, its officers, and the Tri-State Telephone Company, from entering into a proposed contract for the construction and operation of a telephone system within the city. From an order sustaining the

1 Reported in 141 N. W. 833.

demurrers of defendants to the complaint, plaintiff appealed. Reversed.

*Perl W. Mabey, Charles Loring* and *G. A. Youngquist,* for appellant.

*O. A. Naplin, O'Brien, Young & Stone, C. B. Randall* and *Harlan P. Roberts,* for respondents.

DIBELL, C.

The plaintiff brought this action to enjoin the City of Thief River Falls and the Tri-State Telephone Company from entering into a contemplated contract for the construction and operation of a telephone system within the city. The defendants demurred to the complaint for insufficiency of facts. From an order sustaining the demurrer, the plaintiff appeals.

1. The proposed contract provides that the Tri-State Company shall construct and equip a telephone exchange, with 450 telephones, within the city of Thief River Falls; that the company shall operate the plant until the city purchases it; that the city, upon 30 days' notice, may purchase for $30,000, less a depreciation charge of six per cent per annum; that telephones installed, in excess of the 450, shall be paid for, in the event of a purchase by the city, at the actual cost of installation plus a ten per cent supervision charge; that, if the company operates the plant, its charge shall not be in excess of certain stated rates; that the company, during its operation, shall occupy certain city property for an exchange at a stated rental; that the contract shall not be deemed to grant any franchise, right or privilege to occupy the streets, alleys and public places, or to operate an exchange, except the right to operate the exchange until the city purchases; that the city is not bound to purchase; that the city may grant a franchise to any other company or may itself maintain an exchange; that, if the proposition to issue bonds or certificates and purchase the plant is voted down, the city may offer for sale to the highest bidder a franchise to operate the plant for 20 years, and, if such franchise is purchased by anyone other than the company, it shall be conditioned upon taking over the exchange upon the terms reserved to the city.

These are the salient features of the contract and all that need be recited for present purposes.

The city of Thief River Falls is organized under Laws 1895, p. 16, c. 8.

Section 135, subd. 6, p. 55, gives it the power, exercisable by ordinance, "to regulate and control or prohibit the placing of poles and the suspending of wires along or across the streets and alleys. * * * * "

Section 142, p. 67, provides that the council shall not let a contract for the performance of work or the furnishing of materials or supplies or property, or authorize the purchase or sale of property, involving the expenditure of more than $100, nor grant any public franchise, except upon advertisements for proposals.

Section 145, p. 68, provides that all advertisements for proposals shall be made by publication of a notice containing a description of the contract to be let or the property to be purchased or sold, or franchise to be granted, and shall invite sealed proposals.

No advertisement for proposals was made. There was no ordinance. The proposed contract was accepted by resolution at a special meeting.

Some of these sections of the charter were considered in Tri-State Telephone & Telegraph Co. v. City of Thief River Falls, 183 Fed. 854, where it was held that the requirement of advertising for proposals was mandatory, and that no ordinance, contract, or franchise could be made or given, unless the provisions of the charter were complied with. No question is made but that a telephone company cannot occupy the city's streets without a franchise.

Prior to the resolution accepting the proposed contract, the city adopted chapter 452, p. 689, Laws 1907, authorizing the city to acquire, construct and operate public utilities. Section 2 grants power in the following language:

"Every city of this state shall have the power to own, construct, acquire, purchase, maintain and operate any public utility within its corporate limits, and to lease the same, or any part of the same, to any company incorporated under the laws of this state, for the purpose of operating such public utility for any period not longer than

twenty years, on such terms and conditions as the city council shall deem for the best interests of the public."

Then follow conditions and limitations and detailed provisions as to what may be done.

Chapter 452, as we construe it, does not give the city authority to acquire a plant, or grant a franchise, unrestrained by the limitations of its charter.[1]

The proposed contract gives the Tri-State Company authority to operate a telephone system in the city and to charge certain rates. We find no difficulty in holding the right intended to be granted by the contract to be a franchise. Whether the contract grants a franchise, or is merely a contract to construct and operate a telephone exchange, it is invalid, within the allegations of the complaint, because of a failure to comply with the provisions of the charter. The purpose of the charter is to encourage competition, to get a favorable bid for a construction for which it contracts, to get conditions favorable to itself in a franchise which is granted, or an adequate consideration for it, and to avoid the possible evils suggested in the case of Tri-State Telephone & Telegraph Co. v. City of Thief River Falls, supra, 857. The contract is invalid and its execution should be enjoined if the plaintiff is in position to invoke the remedy.

2. The defendants urge that the plaintiff is not specially injured and cannot maintain the action.

The allegation of the complaint is that the plaintiff is a resident freeholder and taxpayer of the city and the owner in fee of property abutting upon one of the streets of the city. It is familiar law that a general taxpayer, or an owner of property abutting upon a street, cannot enjoin the prosecution of the improvement, or the use, or the obstruction, of a street, where no special injury comes to him. Guilford v. Minneapolis & St. Louis R. Co. 94 Minn. 108, 102 N. W. 365; Shaubut v. St. Paul & S. C. R. Co. 21 Minn. 502; Shero v. Carey, 35 Minn. 423, 29 N. W. 58; Long v. City of Minneapolis, 61 Minn. 46, 63 N. W. 174.

The situation presented here is different. The city, if the allega-

[1] [See correction on page 38, infra].

'tion is true, is about to enter into a contract, illegal under its charter, because of a failure to advertise for proposals. The result may be a more expensive construction contract, or a franchise granted without conditions favorable to the city, or without receiving a sufficient consideration. We think the plaintiff alleges a sufficient special injury. Flynn v. Little Falls Electric & Water Co. 74 Minn. 180, 77 N. W. 38, 78 N. W. 106; Grannis v. Board of Commrs. of Blue Earth County, 81 Minn. 55, 83 N. W. 495; Schiffman v. City of St. Paul, 88 Minn. 43, 92 N. W. 503; Nerlien v. Village of Brooten, 94 Minn. 361, 102 N. W. 867; Gundlach v. Hamm, 62 Minn. 42, 64 N. W. 50.

The facts stated in the complaint make a cause of action.

Order reversed.

On June 9, 1913, the following opinion was filed:

The respondent city of Thief River Falls petitions the court for a re-argument and for a modification of the opinion filed on May 29, 1913.

The petition represents that pending the appeal the city acquired by purchase the telephone plant within its limits, and issued bonds to pay therefor, the proposition of acquiring the plant and issuing the bonds having first been submitted to the electors and carried.

The opinion states that chapter 452, p. 689, Laws of 1907, does not give the city authority "to acquire a plant," unrestrained by certain provisions of the charter to which attention was called. The question of authority of the city to acquire an existing plant was not involved in the action and the court did not intend to hold that, upon authority from the electors, it could not do so. The statement in the opinion referred to was an inadvertence, and is eliminated.

With this modification of the opinion, the application for rehearing is denied.