## STATE EX REL. FARMERS NATIONAL BANK OF HUTCHINSON v. ANDREW I. JOHNSON.[1]

November 21, 1930.

No. 28,129.

---

[1]Reported in 233 N. W. 236.

*H. B. Sherwood* and *J. N. Peterson,* for appellant (respondent below).

*Jensen & Morrison, for respondent* (relator below).

WILSON, C. J.

Appellant has appealed from an order denying his motion for a new trial.

Four town orders were issued by A. G. Anderson, the clerk, who signed his own name as such and who also signed the name of the chairman of the board, by said A. G. Anderson. This was with the knowledge and consent of the chairman. There was a long established custom covering the period here involved for the town to issue town orders in this manner and to honor and pay orders so issued. No one objected thereto. The orders were so given, as these were, for just obligations. Such orders were valid.

The payee sold these orders to the Little Sauk State Bank, and he indorsed his name on the back of each. Thereafter this

bank effected an exchange with the officers of the town wherein the four original orders were delivered to the town in exchange for another order for $937, that being the total amount of the four orders. The new order was also made payable to the same payee, and he in turn indorsed and delivered it to said bank, which later sold and transferred it to the plaintiff. The four orders so surrendered to the town have never been paid, nor has the last order which was so assigned to plaintiff.

This proceeding is to enforce a step in the collection of the indebtedness evidenced by such orders. It is claimed that the last order was invalid because not issued in legal form. Assuming such claim to be true, the respondent herein was the equitable owner of the four original orders and is entitled to payment of the money payable thereon.

■ After the purchase and acquisition of the duplicate order by respondent it advised the officers of the town that it had purchased and was holding the same, and neither at that time nor at any time thereafter, until after the closing of the Little Sauk State Bank, did any of the town officers claim the invalidity of the duplicate order, but on the contrary assured the respondent, both in writing and orally, that said duplicate order was good and would be paid. The relator, the respondent herein, believed and relied upon such statements and assurances and refrained from sooner enforcing payment. By reason of such conduct the court found that the town and its officers are estopped from denying liability on the four original orders and are further estopped from denying relator's claim to recover on said four original orders by reason of relator's purchase and ownership of the duplicate order. The evidence supports the findings.

■ The orders were non-negotiable. Kalman v. County of Grant, 167 Minn. 458, 209 N. W. 638. But under the findings of fact, which are sustained by the evidence, this is not important.

Affirmed.