STATE v. MARY BROOKS.[1]

April 17, 1931.

No. 28,419.

[1]Reported in 236 N. W. 316.

*Essie W. Williams,* for appellant.

*Henry N. Benson,* Attorney General, and *John F. Bonner,* Assistant Attorney General, for the state.

LORING, J.

This is the second appearance of this case in this court. The facts are fully stated in the opinion on the first appeal, 181 Minn. 262, 232 N. W. 331. The first appeal was from an order overruling a general demurrer to the complaint, the question involved being certified as important and doubtful. The order was affirmed, and the defendant was then permitted to answer. She set up as defenses the statute of limitations, laches in bringing the suit, and estoppel: She also claims that the district court had no jurisdiction of the subject matter of the action. The state demurred to those paragraphs of the answer which set up the defenses of the statute of limitations, laches, and estoppel. The trial court sustained the state's demurrer, and the defendant has appealed from the order.

The state's complaint sets forth sufficient facts giving rise to a lien in favor of the state upon the property of which Charles Thompson died seized. It also sets out the omission of the property here involved from the computation of the inheritance tax and gives the reason therefor, setting forth the agreement between the parties by which it was to be determined whether or not this omitted property was subject to the inheritance tax. The complaint also asks to have the court determine the amount of the tax and that it be a lien upon all of the property situate in the state of Minnesota of the deceased Margaret Thompson which she received as the surviving widow of Charles Thompson.

We are of the opinion that the suit is authorized by the terms of G. S. 1923 (1 Mason, 1927) § 2311. Obviously the district court is

the proper court in which to enforce a lien of this character upon the property omitted from the appraisement and inventory of the estate of a deceased person. State ex rel. Union Nat. Bank v. Probate Court, 103 Minn. 325-330, 115 N. W. 173.

The defendant asserts that the cause of action is barred by the provisions of G. S. 1923 (2 Mason, 1927) § 9186, on the theory that it is a liability created by statute not arising upon a penalty or forfeiture. She also asserts that G. S. 1923 (1 Mason, 1927) § 2206, is not broad enough to remove inheritance taxes from the bar of the statute. The last cited section removes the bar of the statute of limitations from the state's right to assess omitted property or to reassess taxes and provides that there shall be no limitation of time upon the right of the state to provide for and enforce the assessment and collection of taxes "upon all property subject to taxation." It is the claim of the defendant that, inasmuch as an inheritance tax is not strictly speaking a tax upon property, the bar of the statute still applies thereto. We cannot agree with this construction. The obvious purpose of this section was to make an entire change in the policy of the state in so far as the matter of the statute of limitations, as applied to taxes, is concerned. In the case of State v. U. S. Exp. Co. 114 Minn. 346, 357, 131 N. W. 489, 493, 37 L.R.A.(N.S.) 1127, this court said:

"Defendant's contention that § 980 [2206] relates only to the assessment of taxes upon property as such and not to a tax based upon gross earnings, is not substantiated by the language of that section, which is clearly broad enough in its terms to include all taxes due the state."

Notwithstanding that it has been held that a gross earnings tax as applied to an express company is a tax upon property and not upon earnings, we think that the language above quoted placed the right interpretation upon the statute and that it removed the bar from all proceedings to collect taxes.

Nor do we think that the state is estopped or guilty of laches precluding it from the right to recover by the fact that it has delayed in bringing this suit for a period of over 13 years from the time the

tax was originally due. In the first place it was as much the duty of the personal representative of the estate to have the inheritance tax determined as it was that of the state, and consequently the defense of estoppel is not available to the defendant. All of the facts were within the knowledge of both parties.

The delay of the state for so long a time in bringing the suit is no defense. The collection of taxes is a governmental or sovereign function of the state, and procrastination or delay on the part of its officers in the discharge of such function is not permitted to prejudice the state's right. U. S. v. Insley, 130 U. S. 263, 9 S. Ct. 485, 32 L. ed. 968; U. S. v. N. C. & St. L. Ry. Co. 118 U. S. 120, 6 S. Ct. 1006, 30 L. ed. 81; Utah P. & L. Co. v. U. S. 243 U. S. 389, 37 S. Ct. 387, 61 L. ed. 791; In re Estate of Moseley, 100 Kan. 495, 164 P. 1073.

The order appealed from is affirmed.

