## CITY OF STAPLES v. MINNESOTA POWER & LIGHT COMPANY.[1]

January 31, 1936.

No. 30,544.

[1]Reported in 265 N. W. 58.

304

*Mitchell, Gillette, Nye & Harries* and *William K. Montague,* for appellant.

*Kyle & Kyle* and *F. C. McGivern,* for respondent.

STONE, JUSTICE.

In this action under the declaratory judgments act (L. 1933, c. 286, 3 Mason Minn. St. 1934 Supp. §§ 9455-1 to 9455-16) defendant appeals from the judgment for plaintiff annulling the contract in question as far as it remains executory.

Plaintiff is a city of the fourth class under a home rule charter. December 14, 1928, it contracted with defendant for the purchase, during a period of ten years, of electric power for the operation of its municipal plant. That contract, now having but three years (five years when the action was started) to run, the city wants to avoid. It was found invalid, for failure to comply with certain provisions of plaintiff's charter.

Whether the trial court was right in holding that 1 Mason Minn. St. 1927, §§ 1764-1765, did not supersede the applicable charter provisions will not be decided. It is enough that plaintiff was authorized to make contracts for the purchase of electricity. Guth v. City of Staples, 183 Minn. 552, 237 N. W. 411. In the manner of its letting, certain provisions of the city charter (if notwithstanding the 1933 law they are still applicable) were violated. The contention is that the contract was the result of private negotiation rather than competitive bidding; was approved and authorized by motion rather than ordinance or resolution; and that defendant failed to give bond, all in violation of the charter. In consequence, the city claims, the contract is void. The contract was approved by unanimous motion of the council and signed by the mayor and clerk.

There is no claim of unfairness or improvidence, or suggestion of such illegality of consideration as appeared in Goodrich v. N. W. Tel. Exch. Co. 161 Minn. 106, 201 N. W. 290. During the almost seven years the contract has run, both parties have obeyed its terms. No one questioned its validity until this action was begun in 1933. In good faith and proper performance defendant has expended upwards of $7,000 on a new substation and other equipment, which, if the contract is annulled, will be depreciated in value somewhere between 40 and 90 per cent.

In this state it is settled law that in providing water and electricity for its inhabitants a municipality acts in its proprietary capacity. Reed v. City of Anoka, 85 Minn. 294, 88 N. W. 981; City of Crookston v. Crookston Water Works, P. & L. Co. 150 Minn. 347, 185 N. W. 380. Contracts relating thereto are governed by the same rules of contract law regarding laches and estoppel as those of private corporations or individuals. The "doctrine [that laches will not be imputed to government] is not extended to such a municipal corporation." County of Boone v. Burlington & M. R. R. Co. 139 U. S. 684, 693, 11 S. Ct. 687, 690, 35 L. ed. 319. See also Metropolitan R. Co. v. District of Columbia, 132 U. S. 1, 10 S. Ct. 19, 33 L. ed. 231. The principle of ratification by laches or delay is as applicable to such a municipal corporation as it is to a private corporation or to an individual person. 1 Dillon, Municipal Corporations (4 ed.) § 548; Clark v. City of Washington, 25 U. S. 40, 6 L. ed. 544; St. Charles Township v. Goerges, 50 Mo. 194; City of Cincinnati v. Evans, 5 Ohio St. 594.

That is about enough to decide the case. An individual occupying the same relative status as does plaintiff in respect to defendant would have so little chance of avoiding a ten-year contract which it had performed, and performance of which by the other party it had accepted, for five years, that no well advised attorney would even suggest that the attempt be made, where the only question was as to the authority of some agent to make the contract. For obvious reasons, there is an estoppel to question the agent's authority if the bargain itself is confirmed by five years of open-eyed and

unquestioning performance, and acceptance of performance, by the principal.

■ Under the rule of Tracy C. T. Co. v. City of Tracy, 143 Minn. 415, 176 N. W. 189, it may well be that ratification, in the strict sense, can be accomplished only by action of the council itself in the manner demanded by the charter. But here plaintiff for five years has permitted defendant to assume, and to act on the assumption, that the contract was valid. Hence, by its laches or estoppel, or both, it is prevented from setting up the mere lack of authority of its agents which resulted only from their failure to obey the charter provisions mentioned. County of Boone v. Burlington & M. R. R. Co. 139 U. S. 684, 11 S. Ct. 687, 35 L. ed. 319. General rule applied in County of Mahnomen v. Klyver, 180 Minn. 423, 230 N. W. 891; State ex rel. Farmers Nat. Bank v. Johnson, 181 Minn. 510, 233 N. W. 236. The doctrine of laches applies even to the state in its proprietary capacity. State v. Gardiner, 181 Minn. 513, 233 N. W. 16; State v. Horr, 165 Minn. 1, 205 N. W. 444.

Exactly in point are Mayor and Council of Hagerstown v. Hagerstown Ry. Co. 123 Md. 183, 91 A. 170, Ann. Cas. 1916B, 1267, 7 A. L. R. 1239; City of Port Arthur v. Young (Tex. Civ. App.) 37 S. W. (2d) 385; and Griffin v. Oklahoma Nat. Gas Corp. (C. C. A.) 37 F. (2d) 545.

The argument for the city would doubtless prevail were the contract still wholly executory. Broderick v. City of St. Paul, 90 Minn. 443, 97 N. W. 118; State ex rel. Patterson S. L. Co. v. Jones, 98 Minn. 6, 106 N. W. 963. The Broderick case was one to enjoin consummation of a bargain in violation of charter provisions regulating the contract-making process. Given such a contract wholly executory, or even, in a proper case, where it remains in an early stage of performance, there is frequently reason for invalidating it for lack of compliance with charter provisions. Arpin v. City of Thief River Falls, 122 Minn. 34, 141 N. W. 833. But where, as here, we have a contract under which the parties have acted long, with no fraud, overreaching, or other vitiating circumstance, except mere lack of compliance with provisions regulating the contract-making process, we have a basically different problem.

Charter provisions such as those now invoked cannot repeal inconsistent statutory law. No more can they abrogate applicable rules of common law or equity such as those of estoppel and laches. Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L.R.A.(N.S.) 473.

This is not a case such as some wherein a contract has been held void or unenforceable and yet recovery has been allowed, *quasi ex contractu,* for benefit conferred, as was done in First Nat. Bank of Goodhue v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A.(N.S.) 84. It is rather a case where an express contract has been entered into in unauthorized fashion but, because of its confirmation by long continued and unequivocal conduct, the objection is silenced.

The judgment must be reversed with directions to amend the findings of fact and conclusions of law in accord with the views herein expressed. The result will be judgment for defendant confirming the contract.

So ordered.

