**In the Matter of the Contested Case of LEISURE HILLS OF GRAND RAPIDS, INC., Relator,**

v.

**MINNESOTA DEPARTMENT OF HUMAN SERVICES, Respondent.**

No. C4–91–1311.

Court of Appeals of Minnesota.

Jan. 28, 1992.

John M. Broeker, Thomas L. Skorczeski, Orbovich, Fletcher & LaFond, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Beverly J. Heydinger, Deputy Atty. Gen., St. Paul, for respondent.

Considered and decided by FORSBERG, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Relator argues that this action should be barred by laches and that the Commissioner of Human Services misconstrued the applicable cost reimbursement provisions. We affirm.

## FACTS

Relator Leisure Hills of Grand Rapids, Inc., operated a nursing home, participating in the State Medical Assistance Program (MA). A significant portion of the nursing home was dedicated exclusively to physical therapy which, while available to residents of the nursing home, was primarily provided to non-residents on an outpatient basis. Leisure Hills accepted money from the state under the MA program for providing medical services, the amount of money due depending on the estimated costs of providing services to individual MA recipients. Under Rule 47 Leisure Hills was entitled to reimbursement for costs associated with physical therapy provided to MA recipients. Under Rule 49[1] Leisure Hills was entitled to reimbursement for nursing home costs not otherwise reimbursed.

Leisure Hills' finances were audited for the periods 1976–78 and 1979–81. The audits suggested Leisure Hills had been compensated for certain overhead costs associated with the provision of physical therapy under both the Rule 47 provisions regarding physical therapy reimbursement and

the Rule 49 provisions for reimbursement of nursing home costs not otherwise reimbursed. The MA program sought repayment from Leisure Hills alleging double or otherwise inappropriate payment and Leisure Hills appealed to the Commissioner of the Department of Human Services (DHS).

Respondent DHS dismissed Leisure Hills' appeal from the second audit, claiming a lack of jurisdiction because the appeal was untimely. This court reversed. *See Leisure Hills of Grand Rapids, Inc. v. Levine*, 366 N.W.2d 302 (Minn.App.1985), *pet. for rev. denied* (Minn. July 11, 1985). Thereafter, however, an order for a contested case hearing was not issued by DHS for two years, or until August 1987.[2]

After initiation of the contested case, both parties requested summary disposition—Leisure Hills requesting dismissal for laches and DHS requesting affirmance of the cost adjustments suggested by the audits. The ALJ concluded that the delay here did not prejudice Leisure Hills; thus, dismissal based on laches was inappropriate even though laches could apply against the state and the instant case involved an unreasonable delay. However, the ALJ refused in April 1990 to summarily affirm the physical therapy cost adjustments.

Six months later, the DHS Commissioner affirmed the ALJ's refusal to summarily affirm the cost adjustments, but indicated that the ALJ's rationale was not entirely correct. The Commissioner, while not addressing the laches issue, noted that "[Leisure Hills] was unique both in the amount of space devoted to physical therapy and its exclusive use for physical therapy." The Commissioner told the ALJ to review the Rule 49 disallowances suggested by the audits to determine whether the disallowances were consistent with the aims of the applicable statutes and rule(s), or whether the amount was arrived at in an arbitrary and capricious manner.

---

1. Rules 47 and 49 refer to the earlier codification of applicable MA program rules—12 M.C.A.R. §§ 2.047 and 2.049.

2. While DHS jurisdiction over the issues raised in the second appeal was in litigation, DHS

refused to process those claims. Leisure Hills, in turn, refused to proceed with the issues raised in the first appeal if not permitted to proceed simultaneously with those raised in the second appeal.

After the hearing on remand, the ALJ concluded that Leisure Hills had not presented sufficient evidence to avoid the cost disallowances. The ALJ also explicitly discounted the testimony of the Leisure Hills accountant. On appeal from that order, the Commissioner affirmed the ALJ's refusal to dismiss for laches and also ruled: "[t]he ALJ's conclusion[s] and reasoning upholding [the DHS] position [regarding cost allocation] are well substantiated."

Relator Leisure Hills now challenges both the laches ruling and the Commissioner's application of Rules 47 and 49.

## ISSUES

1. Was Leisure Hills entitled to dismissal of the case on grounds of laches?

2. Did the Commissioner correctly disallow Rule 49 reimbursement of physical therapy costs?

## ANALYSIS

### I.

■ Traditionally, laches has been available against the state when acting in its proprietary capacity, but not when acting in its sovereign capacity. *Compare City of Staples v. Minnesota Power & Light Co.*, 196 Minn. 303, 306, 265 N.W. 58, 60 (1936) ("The doctrine of laches applies even to the state in its proprietary capacity."), *with, State v. Brooks*, 183 Minn. 251, 254, 236 N.W. 316, 317 (1931) ("The collection of taxes is a governmental or sovereign function of the state, and procrastination or delay on the part of its officers in the discharge of such function is not permitted to prejudice the state's right.").

■ It is not contested here that running the MA program is a sovereign, rather than a proprietary, function. Leisure Hills argues, however, that the Minnesota Supreme Court eliminated the sovereign/proprietary distinction in equity cases involving attempts to equitably estop the state. *See Mesaba Aviation Division v. County of Itasca*, 258 N.W.2d 877, 880 (Minn.1977).

Because laches, like estoppel, is an equitable defense, Leisure Hills argues the distinction should now be disregarded in laches cases against the state as it has been in estoppel cases. We disagree.

Leisure Hills cites no authority allowing application of laches against the government when it is acting in its sovereign capacity. Thus, we conclude that prior authority is still binding. We are not persuaded by Leisure Hills' argument based on *Mesaba*. Laches and equitable estoppel are distinctly different concepts. "The emphasis in laches is on delay; the emphasis on estoppel is on misleading." *Modern American Remedies*, 964 (Douglas Laycock ed. 1985). Given this distinction we cannot say that the two defenses should be treated identically, especially where, as here, there is no indication that the delay misled Leisure Hills into believing the state would not attempt ultimately to recoup the alleged overpayments.[3] And even assuming the applicability of a laches defense, dismissal would not be appropriate because a dismissal requires prejudice to the moving party resulting from delay. *Klapmeier v. Town of Center of Crow Wing*, 346 N.W.2d 133, 137 (Minn.1984). Here, relator's claims depend upon documentary evidence, *see* Minn.R. 9510.0150, subpt. 1 and 3 (1983), and the record does not indicate the delay in this case caused relator to lose any documentation related to the questioned expenses.

### II.

■ A MA participant like Leisure Hills is entitled under Rule 47 to reimbursement for physical therapy provided to MA recipients. At the end of the year the participant calculates the percent of the therapists' total treatments that were rendered to MA recipients and multiplies that percentage by the therapists' "salary." Under Rule 47, " 'salary' means all direct costs related to employment." To the extent MA reimbursement exceeds the percent of a therapist's "salary" attributable to the ser-

---

**3.** This conclusion is consistent with a recent unpublished decision of this court cited by the parties. *See Matter of Ostrander*, No. C6-90-

148, 1990 WL 96769 (Minn.App. July 17, 1990) (refusing to apply laches against a DHS attempt to recover depreciation costs).

vices provided the MA recipients, that excess is applied to reduce the facility's "general and administration" expenses listed on its cost report. *See* Minn.R. 9500.1070, subpt. 13E (1983).

Under Rule 49, a provider's total costs are grouped into categories, including a category for "Miscellaneous non-reimbursable services and expenses." *See* Minn. Rule 9510.0180, subpt. 9 (1983). Included in the non-reimbursable category are

> specific costs that may be incurred by the provider and reimbursed separately according to a fee schedule. These include but are not limited to the following: (1) services provided by licensed medical therapeutic or rehabilitative practitioners.

*Id.* The parties dispute whether these rules allow Rule 49 reimbursement of the overhead costs for relator's provision of physical therapy. Relator argues that the Commissioner's interpretation fails to apply the plain meaning of Rule 49 and that the decision was arbitrary and capricious. We disagree.

■ Costs that may not be included in the nursing home reimbursement rate calculation under Rule 49 are costs for "unnecessary facilities." Minn.R. 9510.0240 (1983). Here, the majority of the physical therapy facilities at relator's nursing home were used, not by nursing home patients, but on an "outpatient" basis. Therefore, the majority of the physical therapy facilities, and the associated overhead costs, would be "unnecessary" to the nursing home and should not be used in calculating the nursing home's reimbursement under Rule 49. Similarly, under Minn.R. 9510.-0180, subpt. 9A (1983), nursing home reimbursement calculations exclude:

> [A]ll directly identifiable costs of functions normally reimbursed by charges to patients, employees, *or outsiders*, such as the operating costs of pharmacy, beauty shop, or coffee and gift shop.

(Emphasis added.) To the extent relator was functionally running an outpatient physical therapy facility at its nursing home, it would be improper to include physical therapy costs in calculating a nursing home reimbursement rate. Thus, because the exclusion of outpatient physical therapy costs is consistent with relevant rules, their exclusion from the reimbursement rate calculation is not arbitrary and capricious.

### DECISION

Because of differences between equitable estoppel and laches, elimination of the distinction between government's sovereign and proprietary functions in the equitable estoppel context does not mandate a similar elimination in the laches context. Laches does not apply here. Respondent correctly applied the Medical Assistance rules regarding reimbursement for physical therapy and nursing home costs. We affirm the Commissioner's decision.

Affirmed.