**COUNTY OF WASHINGTON,**
Respondent,

v.

**CITY OF OAK PARK HEIGHTS,**
Appellant.

No. A11–67.

Court of Appeals of Minnesota.

July 18, 2011.

Pete Orput, Washington County Attorney, George Kuprian, Maura J. Shuttleworth, Assistant County Attorneys, Stillwater, MN, for respondent.

Pierre N. Regnier, James G. Golembeck, Jessica E. Schwie, Jardine, Logan & O'Brien, P.L.L.P., Lake Elmo, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; BJORKMAN, Judge; and COLLINS, Judge.*

## OPINION

BJORKMAN, Judge.

Appellant City of Oak Park Heights challenges the district court's denial of its motion for summary judgment, arguing that the district court lacks subject-matter jurisdiction because respondent Washington County's unjust-enrichment claim chal-lenges quasi-judicial conduct by the city, which may be reviewed only by writ of certiorari. Because we conclude that the city's conduct was proprietary, not governmental, we affirm.

## FACTS

The city provides water and sewer services to the county's law enforcement center and bills the county for those services based on regular meter readings. In 2009, the county concluded that the city had overcharged it for water and sewer services between 2004 and 2008 and requested a refund. Pursuant to a procedure established by the city, the county first presented its request to the city's finance director, who denied the refund; the county then presented its request to the city council. After receiving evidence and considering the matter, the city council also denied the county's refund request.

The county subsequently initiated an unjust-enrichment action in district court. The parties filed cross-motions for summary judgment: The county argued that it is entitled to compensation based on undisputed material facts, and the city argued that the district court lacks jurisdiction because the county's claim implicates a quasi-judicial decision of the city council that is reviewable only by writ of certiorari. The district court denied both motions. This appeal by the city follows.

## ISSUE

Does the district court have subject-matter jurisdiction over the county's unjust-enrichment claim?

## ANALYSIS

"The existence of subject matter jurisdiction is a question of law, which this

---

court reviews de novo." *Shaw v. Bd. of Regents,* 594 N.W.2d 187, 190 (Minn.App. 1999), *review denied* (Minn. July 28, 1999). "Subject-matter jurisdiction is defined as not only authority to hear and determine a particular class of actions, but authority to hear and determine the particular questions the court assumes to decide." *Irwin v. Goodno,* 686 N.W.2d 878, 880 (Minn. App.2004) (quotation omitted). A district court is a court of general jurisdiction, with the power "to determine justiciable controversies regarding claims of statutory or common-law rights." *Anderson v. Cnty. of Lyon,* 784 N.W.2d 77, 80 (Minn. App.2010), *review denied* (Minn. Aug. 24, 2010); *see also* Minn.Stat. § 484.01, subd. 1 (2010) (stating that district courts "shall have original jurisdiction in ... all civil actions"). However, an exception to the broad jurisdiction of the district court exists when an action implicates a quasi-judicial decision of an executive body of less-than statewide jurisdiction. *Anderson,* 784 N.W.2d at 81 (citing *Tischer v. Hous. & Redev. Auth.,* 693 N.W.2d 426, 429 (Minn.2005)). Such a decision is reviewable only by writ of certiorari in this court. *Id.* at 81.

The city argues that the district court lacks subject-matter jurisdiction because the county's claim implicates the city's quasi-judicial decision to deny the county's refund request. It is undisputed that the city is an executive body within the meaning of *Tischer.* But the district court concluded that it has jurisdiction over the county's claim because the city's denial of the county's refund request was proprietary action rather than quasi-judicial governmental action. We agree.

■ Minnesota courts have long recognized that cities engage in a variety of proprietary activities. *See In re Eller Media Co.'s Applications for Outdoor Advertising Device Permits,* 642 N.W.2d 492,

499–500 (Minn.App.2002), *rev'd on other grounds,* 664 N.W.2d 1 (Minn.2003) (agreeing with the observation that municipalities engage in proprietary activities). Among these proprietary activities is the provision of utility services to residents. *City of Staples v. Minn. Power & Light,* 196 Minn. 303, 305, 265 N.W. 58, 59 (1936) (citing *City of Crookston v. Crookston Water Works, Power & Light Co.,* 150 Minn. 347, 185 N.W. 380 (1921)). These activities are considered proprietary not because the city seeks to make a profit but because the city voluntarily engages "in the same business which, when conducted by private persons, is operated for profit." *Keever v. City of Mankato,* 113 Minn. 55, 61, 129 N.W. 158, 159 (1910). And when a city engages in proprietary activities, "it should have the same rights and be subject to the same liabilities as private corporations or individuals." *Id.* at 62, 129 N.W. at 160. This includes liability for a range of civil claims, including tort, contract, and equitable claims. *See Knutson Hotel Corp. v. City of Moorhead,* 250 Minn. 392, 396, 84 N.W.2d 626, 629 (1957) (permitting a customer of a city's sewer service to bring suit in district court to recover "a payment made for a service which was not received").

The city does not dispute the proprietary nature of its conduct, but argues that cases such as *Crookston* and *Keever* are inapplicable because they address liability but not the critical jurisdictional question of whether the city council's decision is quasi-judicial in nature. We disagree. We recognize that liability is not necessarily commensurate with jurisdiction. *See Tischer,* 693 N.W.2d at 429–30 (emphasizing that statute providing for executive-body liability did not necessarily provide for district court jurisdiction). But cases that determine jurisdiction solely on the distinction between quasi-judicial decision-

making (reviewable by certiorari) and quasi-legislative decision-making (subject to interpretation by district court) are premised on something absent here: decision-making in the context of governmental conduct.

The centrality of governmental conduct to the jurisdictional question is clear when we consider the rationale behind limited court review. District courts may not exercise jurisdiction over an executive body's quasi-judicial decisions because such judicial interference violates the separation-of-powers doctrine by intruding on executive policy decisions. *See State ex rel. Ging v. Bd. of Educ.*, 213 Minn. 550, 571–72, 7 N.W.2d 544, 556 (1942), *overruled on other grounds, Foesch v. Indep. Sch. Dist. No. 646*, 300 Minn. 478, 478, 223 N.W.2d 371, 371 (1974); *see also Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977) (stating that courts cannot exercise original jurisdiction over "policy matters which are the responsibility of the legislative and executive branches"). Rather, this court reviews quasi-judicial decisions of an executive body, applying the more restrictive certiorari standard. *See Dietz v. Dodge Cnty.*, 487 N.W.2d 237, 239 (Minn.1992) (stating that the narrow scope of "certiorari is compatible with the maintenance of fundamental separation of power principles, and thus is a particularly appropriate method of limiting and coordinating judicial review of the quasi-judicial decisions of executive bodies" (footnote omitted)).

But as cases like *Crookston* and *Keever* demonstrate, when executive bodies make decisions in the context of proprietary conduct, such as the refund denial involved here, they act as any other business, with the same rights and responsibilities, and cannot reasonably be viewed as engaged in governmental conduct. *See Keever*, 113 Minn. at 60, 129 N.W. at 159 (framing the issue as whether the city's operation of a waterworks was "a governmental function" or the city acting as a "private or corporate" entity); *Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 473, 124 N.W.2d 328, 344 (1963) (stating that "when [the state] descends to the level of those with whom it associates and interests itself in any property and proprietary rights as distinguished from governmental prerogatives, it subjects itself to the same liability as any other litigant"). Because these non-governmental decisions do not implicate separation-of-powers concerns, there is no reason to exclude them from the district court's jurisdiction. *See Willis v. Cnty. of Sherburne*, 555 N.W.2d 277, 282–83 (Minn. 1996) (concluding that common-law defamation claim against executive body was subject to district court's jurisdiction because it did not involve inquiry into a discretionary decision and, therefore, did not implicate separation-of-powers concerns). To do so would infringe on the rights of parties that conduct business with a city.

The city argues that *Youngstown* requires certiorari review even of decisions related to proprietary conduct. We disagree and find *Youngstown* distinguishable. *Youngstown* concerned the conservation commissioner's decision that Youngstown was not entitled to a refund from the state treasury for monies it paid to the state under a mining lease. 266 Minn. at 481–85, 124 N.W.2d at 349–52. The district court granted Youngstown's certiorari petition and held that Youngstown was entitled to a refund. The supreme court affirmed. The city emphasizes the *Youngstown* court's conclusion that the commissioner's decision was quasi-judicial, and therefore subject to certiorari review, because a statute gives the commissioner the power to adjudicate "the rights of persons and property." *See id.* at 484, 124 N.W.2d at 351. But also significant to our analysis is the *Youngstown*

court's recognition that the commissioner was bound by a district court judgment in a prior civil action concerning whether the state owned the property it leased to Youngstown. *See id.* at 488–89, 124 N.W.2d at 353–54. In other words, the dispute between the parties under the lease was a proprietary contract matter subject to district court review and the dispute regarding entitlement to a refund pursuant to statute was a quasi-judicial matter subject to certiorari review.

Here, the challenged decision arises out of wholly proprietary conduct by the city. The city chose to engage in the proprietary act of providing water and sewer services and instituted a procedure for addressing billing disputes with its customers. The county requested a refund pursuant to that procedure, and the city denied the request. And unlike the statutory refund process in *Youngstown,* nothing in the city's ordinances indicates that the city's refund decisions constitute the kind of legal adjudication that bars district court review. Rather, the city's decision reflects how it chose to do business with the county. We conclude that *Youngstown* does not preclude the district court's jurisdiction under these circumstances.

### DECISION

Because the city's decision to deny the county a refund was proprietary, not governmental, conduct, the district court did not err in concluding that it has subject-matter jurisdiction over the county's unjust-enrichment claim.

**Affirmed.**